**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date:  July 21, 2015

**NO. 33,465**

**JOHN WILLS, M.D.,**

Plaintiff-Appellant,

v.

**BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO and
UNIVERSITY OF NEW MEXICO HEALTH
SCIENCES CENTER,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay Campbell, District Judge**

Valdez and White Law Firm, LLC
Timothy L. White
Albuquerque, NM

for Appellant

Sheehan & Sheehan, P.A.
Quentin Smith
Leah M. Stevens-Block
Albuquerque, NM

for Appellees

**OPINION**

**KENNEDY, Judge.**

{1}     Plaintiff John Wills, M.D. sued the Board of Regents of the University of New Mexico and the University of New Mexico Health Sciences Center (Defendants) for breach of contract and, relatedly, breach of the covenant of good faith and fair dealing.  He later amended his complaint to include claims of a violation of due process and a violation of the New Mexico Whistleblower Protection Act (the WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010), on the ground that Defendants terminated his employment in retaliation for his initiation of this lawsuit.  On Defendants' motion, the district court dismissed Plaintiff's contract-related claims and his WPA claim. The court later granted Defendants' motion for a judgment on the pleadings as to Plaintiff's due process claim.

{2}     On appeal, Plaintiff argues that the district court erred in dismissing his breach of contract[1] and WPA claims and in entering judgment on the pleadings as to his due process claim.  We conclude that the district court did not err, and we affirm.

---

[1]  Plaintiff does not raise any issue on appeal regarding his claim of a breach of the covenant of good faith and fair dealing.

**BACKGROUND**

{3}     Plaintiff was hired to the position of Chair of the Department of Anesthesiology and Critical Care Medicine at the University of New Mexico Health Sciences Center in September 2002.  Pursuant to a two-year employment contract, Defendants agreed to pay Plaintiff a base salary plus a supplemental salary.  After the two-year term of the contract expired, Defendants continued to pay Plaintiff's salary in an amount consistent with the payment-related terms of the original contract until 2009.  After 2009 Defendants stopped paying Plaintiff pursuant to those original contract payment-related terms.

{4}     In June 2011, Plaintiff filed a complaint for breach of contract and breach of the covenant of good faith and fair dealing (the initial complaint) by which he sought to recover "past due salaries" that were unpaid since 2009.  Plaintiff alleged that the terms of the expired contract had been "continued by the acts of the parties and the subsequent payment of salary to [P]laintiff per the terms of the [original] contract" and, by failing to pay him in accord with those terms, Defendants were in breach of their contractual obligation.  Approximately four days after Defendants were served with Plaintiff's initial complaint, Defendants terminated his employment.

{5}     After Defendants terminated his employment, Plaintiff amended his complaint, adding a claim for retaliatory violation of due process.  In support of his due process

claim, Plaintiff alleged that by terminating his employment in retaliation for filing the initial complaint, Defendants violated Plaintiff's constitutional right of access to the courts. Later, in a third amended complaint, Plaintiff added a new claim in which he alleged that, by retaliating against him for filing the initial complaint, Defendants abused their authority in violation of the WPA.

{6} Defendants moved to dismiss Plaintiff's third amended complaint pursuant to Rule 1-012(B)(6) NMRA on the ground that it failed to state any claim upon which relief could be granted. For reasons that are discussed later in this Opinion, the district court granted Defendants' motion to dismiss Plaintiff's claims related to breach of contract and breach of the covenant of good faith and fair dealing, as well as his WPA claim. As to Plaintiff's due process claim, the district court denied Defendants' motion to dismiss on the ground that "a public employer may not take adverse employment action against a public employee for that employee filing a lawsuit[.]"

{7} Defendants again sought dismissal of Plaintiff's due process claim in a motion for a judgment on the pleadings pursuant to Rule 1-012(C). *See Glaser v. LeBus*, 2012-NMSC-012, ¶ 8, 276 P.3d 959 ("A judgment on the pleadings is treated as a motion to dismiss when the district court considers matters contained solely within the pleadings."). In the motion for a judgment on the pleadings, Defendants argued

3

that, insofar as Plaintiff sought to recover damages from Defendants for an alleged violation of his constitutional right of access to the courts, his claim was barred by the New Mexico Tort Claims Act (the TCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2015). In support of their argument, Defendants cited New Mexico case law for the proposition that "absent a waiver of immunity under the [TCA], a person may not sue the state for damages for violation of a state constitutional right." *Valdez v. State*, 2002-NMSC-028, ¶ 12, 132 N.M. 667, 54 P.3d 71 (internal quotation marks and citation omitted). Plaintiff conceded that this was a correct statement of the law; he argued in response, however, that Defendants' motion for a judgment on the pleadings should be denied because the TCA's "failure to permit a remedy for a violation of a public employee's fundamental and constitutional right of access to the courts makes the [TCA] unconstitutional as applied" in this case.

{8}     In support of his argument that the TCA was unconstitutional as applied in this case, Plaintiff argued that access to the courts is a fundamental right and that by depriving him of access to the courts and, concomitantly, a remedy in this case, the TCA violated his right to equal protection. Plaintiff also argued that he had a fundamental right to "a means to a remedy," and to the extent that the TCA barred his

ability to exercise the right to seek a remedy in this instance, its application violated his substantive and procedural due process rights.

{9} The district court was not persuaded by Plaintiff's constitutional arguments. Having considered Defendants' motion for a judgment on the pleadings and Plaintiff's response, the district court granted the motion for a judgment on the pleadings, thereby dismissing Plaintiff's due process claim.

{10} On appeal, Plaintiff argues that the factual allegations in his complaint satisfied the plain language of the WPA and that the district court's dismissal of his WPA claim was founded on an erroneous interpretation of the law. He also argues that because he had an implied employment contract, he was legally entitled to sue Defendants for breach of contract and that the district court erred in concluding otherwise. And, finally, reiterating the argument that he made in response to Defendants' motion for a judgment on the pleadings, he argues that the district court erred in dismissing his due process claim.

{11} We conclude that because Defendants' breach of contract claim was not founded upon a valid written contract, the district court properly dismissed his claim. We further conclude that the allegations in Plaintiff's complaint did not state a claim under the WPA. And, finally, we conclude that Plaintiff's constitutional attack on the

5

TCA is not supported by the relevant law, and we affirm the district court's judgment on the pleadings as to Plaintiff's due process claim.

**Standard of Review**

{12} We review de novo a district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6). *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. "Dismissals under Rule 1-012(B)(6) are proper when the claim asserted is legally deficient." *Id.* "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Id.* (internal quotation marks and citation omitted). The foregoing standard of review also applies to a district court's entry of judgment on the pleadings pursuant to Rule 1-012(C). *Vill. of Angel Fire v. Bd. of Cnty. Comm'rs of Colfax Cnty.,* 2010-NMCA-038, ¶ 5, 148 N.M. 804, 242 P.3d 371.

**Plaintiff's WPA Claim**

{13} Plaintiff's WPA claim was based on the allegation that Defendants retaliated against him for filing the initial complaint by terminating his employment and that this retaliatory act constituted "an abuse of authority" as that term is used in the WPA. *See* § 10-16C-2(E)(3). The district court dismissed Plaintiff's WPA claim on the ground that Plaintiff's allegations did not show that Plaintiff engaged in any activity

6

that is protected by the WPA. On appeal, Plaintiff argues that the district court erred in dismissing his claim because the allegations in his third amended complaint satisfied the "plain language" of the WPA.

{14} The WPA provides that it is unlawful for a public employer to "take any retaliatory action against a public employee because the public employee . . . communicates to the public employer or a third party information about an action or a failure to act that the public employee believes in good faith constitutes an unlawful or improper act[.]" Section 10-16C-3(A). In relevant part, the WPA defines an "unlawful or improper act" as an "action or failure to act on the part of a public employer that . . . constitutes . . . an abuse of authority[.]" Section 10-16C-2(E)(3). Thus, in order to state a legally viable claim under the WPA, Plaintiff was required to allege that because Plaintiff communicated with Defendants or a third party about Defendants' abuse of authority, Defendants retaliated against him.

{15} In his complaint, Plaintiff failed to allege that Defendants retaliated against him because he communicated with a third party or with Defendants about Defendants' abuse of authority. Rather, Plaintiff alleged only that the act of retaliation, that is, the termination of his employment, constituted an abuse of authority. Because the WPA exclusively protects an employee's communications, by failing to allege that Defendants retaliated against him because he communicated about "an unlawful or

7

improper act" as that term is defined in the WPA, Plaintiff omitted the element of communication that was essential to his WPA claim. *Am. Fed'n of State Cnty. And Mun. Emps. Council 18 v. State*, 2013-NMCA-106, ¶ 6, 314 P.3d 674 (recognizing that to withstand dismissal for failure to state a claim, the facts pleaded must meet the essential elements of the claim). Plaintiff's argument on appeal that Defendants violated the WPA when they abused their authority by retaliating against him is not supported by any facts or by any language of the WPA and is, therefore, unpersuasive.

{16} On appeal, Plaintiff expands his WPA theory. He now argues that by filing the initial complaint, "he was communicating to both his public employer and to a third party via the public record" that Defendants were abusing their authority by withholding his "contractually agreed-upon pay." Although Plaintiff did not clearly articulate this theory below, it may reasonably have been inferred from his complaint and, therefore, we will consider it on appeal. *Id.* (stating dismissal is improper where the essential elements of the claim may reasonably be inferred from the alleged facts); *Delfino*, 2011-NMSC-015, ¶ 9 (stating that the appellate courts must resolve all doubts in favor of the sufficiency of the complaint).

{17} Defendants argue that whistleblower protection laws, including the WPA, do not protect an employee's "communications" about a personal employment grievance.

8

Rather, Defendants argue, the purpose of whistleblower protection laws generally and the WPA specifically is to protect employees who risk their own job security for the good of the public by disclosing the unlawful and improper activities of public officials. Because Plaintiff's at-issue lawsuit "communication" pertained only to whether Defendants were required to pay Plaintiff according to the terms of the original contract, Defendants contend that the communication was not one that was protected by the WPA.

{18}    Plaintiff has conceded that the breach of contract allegations that he communicated in his initial complaint did not pertain to "a matter of public concern." He argues, however, that this Court should not read into the statute something that is not there, namely, a requirement that to qualify for the protections of the WPA, the employee's at-issue communication must pertain to a matter of public concern. In Plaintiff's view, the "plain meaning" of the text of the WPA reveals the Legislature's intent to permit a WPA claim under the circumstances of this case.

{19}    The issue whether Plaintiff was entitled to whistleblower protection arising out of his lawsuit communication regarding Defendants' failure to pay him according to the terms of the original employment contract is a matter of first impression in New Mexico. "When New Mexico cases do not directly answer the question presented, we look for guidance in analogous law in other states or the federal system." *CIT*

9

*Grp./Equip. Fin., Inc. v. Horizon Potash Corp.*, 1994-NMCA-116, ¶ 6, 118 N.M. 665, 884 P.2d 821. The WPA was modeled after its federal counterpart. *See* 5 U.S.C. § 2302(b)(8) (2013) (prohibited personnel practices). Accordingly, cases interpreting the federal whistleblower law have persuasive value in considering the legislative intent behind the WPA. *See Trujillo v. N. Rio Arriba Elec. Coop, Inc.*, 2002-NMSC-004, ¶ 8, 131 N.M. 607, 41 P.3d 333 (recognizing that, when New Mexico statutes are similar to their federal counterparts, appellate courts may rely on federal jurisprudence in construing legislative intent).

{20} Like the WPA, the federal whistleblower protection law does not explicitly limit whistleblower protection to communications that benefit the public or pertain to matters of public concern. Nevertheless, as Defendants demonstrate in their answer brief, federal courts interpreting the federal whisteblower protection law have distinguished "whistleblowing" that benefits the public by exposing unlawful and improper actions by government employees from communications regarding personal personnel grievances that primarily benefit the individual employee. *See Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (stating that the federal whistleblower protection law "makes clear that whistleblowing provides an important public benefit"); *Winfield v. Dep't of Veterans Affairs*, 348 F. App'x. 577, 580 (Fed. Cir. 2009) (per curiam) ("Whistleblower protection does not extend to an employee's

personal grievances about his job."); *Riley v. Dep't of Homeland Sec.*, 315 F. App'x. 267, 270 (Fed. Cir. 2009) (stating that "personal disagreements with legitimate managerial decisions" do not demonstrate abuse of authority or "any other kind of activity that could be considered a whistleblowing disclosure"); *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1143 (Fed. Cir. 1998) (stating that the federal whistleblower protection laws are "designed to protect employees who risk their own personal job security for the benefit of the public"). Only the former is protected by whistleblower protection laws. *See Montgomery v. E. Corr. Inst.*, 835 A.2d 169, 180 (Md. 2003) (discussing the legislative intent of the federal whistleblower protection laws and stating that the term "whistleblowing," which generally evokes the type of public disclosure that "serve[s] the public interest by assisting in the elimination of fraud, waste, abuse, and unnecessary government expenditures[,]" does not include an individual's communications regarding a supervisor's maltreatment of him personally (emphasis, internal quotation marks, and citation omitted)).

{21}    Plaintiff argues that the foregoing authorities are not binding on this Court and should not bear on our analysis of the WPA. However, aside from citing the bare text of the WPA, he provides no authority to support the proposition that, by communicating about his dispute with Defendants over whether Defendants were required to pay him according to the terms of his expired employment contract, he

11

engaged in an activity that was protected by the WPA. We will therefore assume that no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that, if no authority is cited in support of a proposition the appellate courts will assume that no such authority exists). Further, the object of statutory interpretation is to construe its terms according to their "obvious spirit or reason," not to interpret its terms in a way that would lead to an absurd or unintended result. *State ex rel. Helman v. Gallegos*, 1994-NMSC-023, ¶ 3, 117 N.M. 346, 871 P.2d 1352 (internal quotation marks and citation omitted). Nothing in the language of the WPA, when read in its entirety and against the backdrop of the earlier discussed federal authorities, leads us to believe that Plaintiff's initial complaint constituted a protected whistleblowing activity. Since the district court reached the same conclusion, we affirm its order dismissing Plaintiff's WPA claim.

**Plaintiff's Contract Claim**

{22}     The district court dismissed Plaintiff's breach of contract claim on the ground that Plaintiff's employment contract expired by its own terms after two years and, in the absence of a valid written employment contract, Plaintiff's claim was barred by NMSA 1978, Section 37-1-23(A) (1976). Plaintiff argues that he had an implied contract that satisfied Section 37-1-23(A). Therefore, Plaintiff argues, the district court erred in dismissing his claim.

12

{23} Section 37-1-23(A) provides that "[g]overnmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." Accordingly, "a government[] entity's contractual liability can only be based on a valid written contract." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 8, 121 N.M. 728, 918 P.2d 7.

{24} In the present case, the two-year employment contract between Plaintiff and Defendants expired in September 2004. Plaintiff alleged, however, that, "[t]he terms of the original contract . . . [were] continued by the acts of the parties" and by Defendants' subsequent payment of Plaintiff's salary in an amount consistent with the terms of the original contract. Relying on the principle that "an implied employment contract . . . may be found . . . in the conduct of the parties," Plaintiff argues that the continued acts of the parties under the circumstances of this case gave rise to an implied contract. *Id.* ¶ 10 (internal quotation marks and citation omitted).

{25} Even assuming that the parties' conduct gave rise to an implied employment contract, without a showing that the terms of the implied contract were written, Section 37-1-23(A) bars Plaintiff's claim. Plaintiff's reliance on *Garcia* is misplaced. In *Garcia*, the implied employment contract that included *written* terms in a personnel policy constituted a "valid written" employment contract as contemplated in Section 37-1-23(A). *Garcia*, 1996-NMSC-029, ¶¶ 14-15, 19. *Garcia* does not support

13

Plaintiff's argument that an employment contract that is implied only from the actions of the parties satisfies Section 37-1-23(A). Rather, *Garcia* stands for the proposition that where an employment contract may be implied from "written terms" it may be considered a "valid written contract" for the purpose of satisfying Section 37-1-23(A). *See Garcia*, 1996-NMSC-029, ¶¶ 10, 18 (recognizing that although an implied employment contract may be found from written representations, oral representations, from the parties' conduct, or in a combination of conduct and representations, an oral promise is not a "valid written contract" such that it could satisfy Section 37-1-23(A)). Because Plaintiff failed to demonstrate the existence of a valid written employment contract, we affirm the district court's dismissal of his claim.

**Plaintiff's Due Process Claim**

{26} In his third amended complaint, Plaintiff alleged that Defendants violated his due process right of access to the courts by terminating his employment in retaliation for filing his initial complaint. Plaintiff conceded that insofar as his claim for damages did not fit within one of the enumerated exceptions to governmental immunity under the TCA, his claim was barred. *See Valdez*, 2002-NMSC-028, ¶ 12 (recognizing that "absent a waiver of immunity under the [TCA], a person may not sue the state for damages for violation of a state constitutional right" (internal

14

quotation marks and citation omitted)). Plaintiff argued, however, that as applied to his claim, the TCA was unconstitutional in that it violated his "fundamental right" of access to the courts. The district court rejected Plaintiff's constitutional attack on the TCA and granted Defendants' motion for a judgment on the pleadings. On appeal, Plaintiff re-asserts his as-applied challenge to the constitutionality of the TCA on equal protection and due process grounds.

{27} We do not discern any substantive distinction between Plaintiff's equal protection and due process arguments. In his equal protection argument, Plaintiff argues that the TCA violates his fundamental right of access to the courts by barring his claim for monetary damages against Defendants. And in his due process argument, Plaintiff argues that the TCA is unconstitutional because it acts as a "complete ban" upon his fundamental right of access to the courts to seek a monetary remedy in this case. Thus, Plaintiff's sole argument is that the TCA is unconstitutional because it does not permit him to exercise what he asserts is a fundamental right, that is, the right to sue Defendants for monetary damages.

{28} Plaintiff's constitutional attack on the TCA is unavailing because it improperly conflates the constitutionally guaranteed right of access to the courts with the notion of entitlement to recover monetary damages. The right of access to the courts is an implicit guarantee derived from Article II, Section 18 of the New Mexico

15

Constitution. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶ 20, 125 N.M. 721, 965 P.2d 305 (recognizing that the constitutional provision that "[n]o person shall be deprived of life, liberty[,] or property without due process of law; nor shall any person be denied equal protection of the laws" contains an implicit right of access to the courts (internal quotation marks and citation omitted)).  However, the right of "access to the courts does not create a right to unlimited governmental tort liability[,]" and it does not guarantee the existence of a remedy. *Id.* ¶¶ 20-21.  Thus, "the fact that a plaintiff is denied an adequate remedy when suing the state does not constitute a violation of one's right to court access." *Id.* ¶ 21.

{29}	Plaintiff's constitutional argument is also unpersuasive because it is based on the erroneous assumption that he had a fundamental right to sue Defendants for damages.  The right to sue the government for tort damages is not a fundamental right; it is a statutory right. *See Marrujo v. State Highway Transp. Dep't*, 1994-NMSC-116, ¶¶ 18, 24, 118 N.M. 753, 887 P.2d 747 (stating that there is no fundamental right to sue the government for tort damages; rather, "[t]he right to sue the government is a statutory right").  As such, the Legislature may reasonably restrict that right, as it has done in the TCA. *See id.* ¶ 24 (stating that the Legislature may reasonably restrict the right to sue the government for tort damages); *Garcia v. Albuquerque Pub. Sch. Bd. of Educ.*, 1980-NMCA-081, ¶ 9, 95 N.M. 391, 622 P.2d

699 (recognizing that creating exceptions to sovereign immunity via the TCA is a function of the Legislature, not of the courts).

{30}    In sum, Plaintiff has failed to demonstrate that the absence of a TCA exception that would permit him to seek monetary damages from Defendants under the circumstances of this case renders the TCA unconstitutional.  Nor has Plaintiff demonstrated any legal basis upon which he was entitled to seek damages for Defendants' alleged violation of his constitutional right of access to the courts. Accordingly, we affirm the district court's order granting Defendants' motion for a judgment on the pleadings.

**CONCLUSION**

{31}    We affirm.

{32}    **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

17

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**