This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38376

**DAVE ROMERO, JR.,**

Plaintiff-Appellant,

v.

**MAYOR TONITA GURULE-GIRON,**
**in her official and personal capacity;**
**CITY OF LAS VEGAS, NEW MEXICO;**
**and GOVERNING BODY OF THE**
**CITY OF LAS VEGAS, NEW MEXICO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Bryan Biedscheid, District Judge**

Romero Law Firm, LLC
Martin A. Lopez
Las Vegas, NM

for Appellant

The Baker Law Group
Jeffrey L. Baker
Renni Zifferblatt
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff Dave Romero, Jr., appeals from the district court's grant of summary judgment in favor of Defendants the City of Las Vegas, Mayor Tonita Gurule-Giron, and the Governing Body of the City of Las Vegas on his claims of breach of City Charter

obligations, breach of contract, wrongful termination, and constructive discharge. We affirm.

**DISCUSSION**

**{2}** In March 2010, the City voted to approve a new City Charter, which took effect in March 2012. The purpose of the Charter was "to provide for maximum self-government and the greatest possible exercise of home-rule powers." The Charter laid out requirements that the governing body, which consisted of the mayor and City Council, had to meet. One such requirement provided that the mayor shall "[a]ppoint and remove, subject to approval of the Council, the . . . city attorney." In addition, the Charter stated that "[t]he Governing Body shall enter into a contract with the city attorney which shall establish, among other matters, compensation, benefits, duties and responsibilities."

**{3}** Plaintiff was the city attorney for the City from 2010 to 2016. During that time, he entered into five contracts with the City in 2010, 2012, 2013, 2014, and 2015; in 2011 there was no written contract in effect. Each contract was for a fixed period of time, generally one year.[1]

**{4}** In December 2015, the City Council voted to approve a contract (the 2016 contract) for Plaintiff's employment as city attorney for a term of four months, from January 1, 2016 to May 1, 2016. Specifically, it stated that "[the 2016 c]ontract shall begin on January 1, 2016, subject to the Termination Clause . . . , and will continue up to May 1, 2016." The "Termination Clause" stated that Plaintiff "understands and agrees that he serves at the will of the Governing Body of the City of Las Vegas pursuant to the terms of the City Charter and that he may be suspended or removed with or without cause at any time by the Mayor, subject to approval of the Council, or by the Governing Body by a majority of all members of the Governing Body." The 2016 contract was limited to four months because of the upcoming mayoral special election in March 2016 and the possibility a new mayor would be elected. Plaintiff, who was present at that City Council meeting, accepted the terms of the 2016 contract and the reasoning behind the shorter term.

**{5}** In April 2016, Mayor Gurule-Giron assumed office as the newly elected mayor of the City. On April 18, 2016, Mayor Gurule-Giron sent a letter to Plaintiff informing him that he was being placed on paid administrative leave and was not to return to any city facilities or speak with any city employees regarding city business. Plaintiff was paid through the end of his contract, May 1, 2016. On April 19, 2016, pursuant to the Charter, the City held an organizational meeting that required, among other things, that "[t]he Governing Body, at the first meeting following a municipal election, shall convene for the purpose of organizing . . . and confirming the appointment of the city manager

---

[1]The contract in 2012 had an automatic renewal clause that provided that if Plaintiff was not given a thirty-day notice that the contract would not renew, it would renew for an additional year. The City Council did not give notice, so the 2012 contract was renewed for 2013.

and the appointed officers." At this meeting, the City Council voted and unanimously confirmed Mayor Gurule-Giron's selection for the city attorney position.

**{6}**     Plaintiff filed a lawsuit claiming wrongful termination, constructive discharge, breach of contract, and breach of City Charter obligations. Plaintiff alleged that the City violated both the Charter and the 2016 contract because Mayor Gurule-Giron did not recommend him for termination and the City Council did not vote to remove him from his position as city attorney. He maintained that, despite the fixed term in the contract, his employment with the City was permanent because the Charter required a City Council vote to terminate him as the city attorney.

**{7}**     Defendants sought summary judgment on all claims on the basis that Plaintiff was not terminated in violation of either the Charter or the 2016 contract. Defendants maintained that "this is a very simple matter of contract enforcement"—that "[t]he actual language of the written contract is the focus, and its language controls the terms of employment." Specifically, Defendants observed, Plaintiff's 2016 contract was for a term of four months, from January 1, 2016 to May 1, 2016, due to the upcoming election, a fact that Plaintiff himself acknowledged. Further, Defendants argued that Plaintiff was not terminated, but he was placed on administrative leave and paid through the end of his contract. Ultimately, according to Defendants, Plaintiff's contract with the City for the city attorney position expired by its own terms and was not renewed.

**{8}**     In his response, Plaintiff generally asserted that issues of material fact existed to preclude summary judgment. One fact issue, he argued, was whether Mayor Gurule-Giron followed the proper procedure, per the Charter, before placing him on administrative leave and, according to Plaintiff, terminating him. He also contended that, despite the end date in the contract, he continued to be an employee because the formal removal procedure requiring a City Council vote had not occurred. In support of these arguments, Plaintiff attached three different affidavits showing the history and interpretation of the Charter by previous mayors and argued that the affidavits showed issues of material fact.

**{9}**     At the hearing on Defendants' motion for summary judgment, the district court ruled that term of the contract "is clear and unambiguous when it says, 'This contract shall begin on January 1, 2016, subject to the termination clause, and will continue up to May 1, 2016.'" The district court found that Plaintiff "was not terminated as that term is defined by the contract." The court explained that termination, as used in the "Termination Clause," contemplates termination prior to the expiration of the term, which is May 1, 2016. The court found that "the contract was [not] terminated prior to May 1, 2016, but rather expired by its terms at that date." On that basis, the district court granted summary judgment in favor of Defendants.

**{10}**    On appeal, Plaintiff continues to characterize the end of his employment as a "termination." He argues that his position as city attorney is not governed by the 2016 contract, but by the Charter and as such, he was entitled to a hearing and a vote by the City Council before being placed on administrative leave and ultimately terminated.

However, although Plaintiff maintains that the 2016 contract is not controlling, he has provided us with no authority supporting such a proposition when the contract is clear and unambiguous and has offered no argument as to how the district court erred in its ruling. Therefore, we assume no such authority exists. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**{11}** To the extent Plaintiff argues that Defendants breached the employment contract by placing him on administrative leave, effectively terminating or suspending him prior to the expiration of the 2016 contract, we disagree. Plaintiff has not provided any authority or interpretation suggesting that placing him on administrative leave was equivalent to termination or suspension as provided in the 2016 contract. *See Curry*, 2014-NMCA-031, ¶ 28; *Corona*, 2014-NMCA-071, ¶ 28. Plaintiff was paid through the end of the term of his employment in the 2016 contract, and that contract expired by its own terms on May 1, 2016. An expired contract relieves all parties to the contract of their contractual obligations. 17A Am. Jur. 2d *Contracts* § 519 (2022); *cf. Wills v. Bd. of Regents of Univ. of N.M. Hosp.*, 2015-NMCA-105, ¶¶ 24-25, 357 P.3d 453 (holding that an expired written contract did not give rise to an implied contract as a matter of course); *Seven Resorts, Inc. v. United States*, 112 Fed. Cl. 745, 785 (2013) ("A contract generally terminates at the expiration of its term."). Consequently, Defendants did not breach the 2016 contract by choosing not to renew it, as the contract's expiration on May 1, 2016, relieved Defendants of any contractual obligations to Plaintiff.

**{12}** Finally, Plaintiff reiterates his factual allegations in an attempt to identify an issue of material fact sufficient to overturn the order of summary judgment. But Plaintiff has not provided any developed argument or cited any authority to show that the district court erred in granting summary judgment in favor of Defendants on his claims. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 35, 145 N.M. 186, 195 P.3d 353 (explaining that the nonmovant provided her version of the facts without explaining why summary judgment was improper and "[g]eneral assertions of the existence of a triable issue are insufficient to overcome summary judgment on appeal"); Rule 1-056(C) NMRA (stating that summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"). Since Plaintiff has not carried his burden on appeal, we will not disturb the district court's judgment. *See Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 57, 350 P.3d 1205 (stating that "the burden is on the appellant to clearly demonstrate the district court's error" (internal quotation marks and citation omitted)).

**CONCLUSION**

**{13}** We affirm.

**{14} IT IS SO ORDERED.**

MEGAN P. DUFFY, Judge

WE CONCUR:

J. MILES HANISEE, Chief Judge

JENNIFER L. ATTREP, Judge