This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40249**

**OPEN ACCESS NM,**

Plaintiff-Appellant,

v.

**DIEGO TRUJILLO, Designated
Custodian of Public Records
for Sandoval County,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

New Mexico Association of Counties
Brandon Huss
David A. Roman
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff appealed following the dismissal of its complaint. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Because the relevant background information has previously been set forth, we will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}** Plaintiff continues to assert that the district court erred in concluding that the redaction of certain information from various documents produced in connection with a request Plaintiff made to Defendant, pursuant to the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019), was not actionable. The district court's determination was premised upon the fact that the documents in question were not actually responsive to Plaintiff's IPRA request. Otherwise stated, those documents were surplus. We perceive no error.

**{4}** Under IPRA, every person has a right to inspect public records pursuant to the established procedure, which entails the submission of a written request that must identify the records sought with reasonable particularity. *See* §§ 14-2-1(A), -8(C), -9. IPRA also incorporates enforcement provisions, which pertain to the denial of documents that are duly responsive to particularized requests. *See* §§ 14-2-11(C), -12(B). *See generally Faber v. King*, 2015-NMSC-015, ¶ 31, 348 P.3d 173 (observing that "[a] successful litigant suing under [IPRA] is adequately compensated by obtaining *the documents he or she sought in the first place*" (emphasis added)).

**{5}** Nothing in IPRA imposes any duty upon records custodians to produce nonresponsive documents. As a result, there is no logical basis for an enforcement action relative to the redaction of nonresponsive documents. To hold otherwise would be contrary to the letter and spirit of IPRA, as well as logic and common sense. *See generally Wills v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-105, ¶ 21, 357 P.3d 453 (observing that "the object of statutory interpretation is to construe its terms according to their obvious spirit or reason, not to interpret its terms in a way that would lead to an absurd or unintended result" (internal quotation marks and citation omitted)).

**{6}** Plaintiff vigorously contends that no "exception" exists to authorize redactions from unresponsive documents. [MIO 3-4] However, Plaintiff offers neither relevant authority nor any logical basis for its assertion that redactions from documents that are surplus to requests must be justified. Plaintiff simply relies on the basic proposition that IPRA reflects legislative intent to supply "the greatest possible information regarding the affairs of government." Section 14-2-5. [MIO 3] However, this broad statement of policy does not override the plain language of the more specific statutory provisions, cited above, which describe IPRA's enforcement provisions and, as previously stated, pertain to matters that are responsive to particularized requests.

**{7}** We understand Plaintiff to contend that the course of the litigation clearly reflects that it "wants this particular information," [MIO 2] and insofar as Plaintiff "could easily submit another IPRA [request] seeking the specific information" in question, we should compel disclosure of the redacted material. [MIO 2] This we will not do. As previously stated, the duty to disclose is premised upon the submission of an appropriate written request. Defendant fulfilled its duty, by providing the requested responsive documents.

As a result, there is no basis for judicial enforcement.  If the surplus documents have brought to light the existence of additional material beyond the scope of the original request that Plaintiff wishes to obtain, Plaintiff must file another request in compliance with the statutory procedure.

**{8}**      Finally, Plaintiff renews its citation to authority dealing with situations in which custodians supplied incomplete responses to record requests, based on their own narrow and inaccurate assessments. [MIO 4-5]  That authority did not address the surplus production of genuinely unresponsive documents, as occurred here. We therefore reject Plaintiff's suggestion that it requires a different result.

**{9}**      Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{10}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**