This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41314**

**DARREN GRIEGO and MARINA LOPEZ,**

Plaintiffs-Appellees,

v.

**BOARD OF EDUCATION OF THE PENASCO INDEPENDENT SCHOOL DISTRICT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio Chavez, District Court Judge**

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
James Montalbano
Albuquerque, NM

for Appellees

Esquivel & Howington, LLC
Martin R. Esquivel
Albuquerque, NM

Quiñones Law Firm LLC
Carlos M. Quiñones
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals a jury verdict that held Defendant liable for its actions against two former employees after they voiced concerns with the conduct of a newly-hired superintendent. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition and Plaintiffs have filed a memorandum in support, which we have duly considered. Unpersuaded, we affirm.

**{2}** In our notice of proposed summary disposition, we proposed to hold that there was sufficient evidence presented in support of the jury's verdict, that Defendant's concerns with the intent behind Plaintiffs' communications had been resolved by the recent issuance of *Lerma v. State*, 2024-NMCA-011, 541 P.3d 151, *cert. granted*, 2023-NMCERT-012 (S-1-SC-40126), and that Defendant failed to provide sufficient information for this Court to consider whether Plaintiffs' had properly mitigated their damages. [CN 5-7]

**{3}** Specifically with regards to Defendant's second issue that the evidence was insufficient to establish that the entirety of Plaintiffs' complaints were to further their own personal interests rather than to benefit the public, we noted that *Lerma*, 2024-NMCA-011, ¶ 14, concluded that "whether a communication is protected by the [Whistleblower Protection Act] does not hinge on whether the communication pertains to a matter of public concern or on whether the communication benefits the public." [CN 6] Because this Court issued *Lerma* after the jury trial here, we also briefly addressed retroactivity. We noted that "[w]e are required to presume that judicial decisions in civil cases apply retroactively, unless the case announcing the new rule states that it should only be applied prospectively, or the presumption of retroactivity is overcome," *Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 40, 306 P.3d 480, before proposing to conclude that "Plaintiffs were not required to prove that their communications were solely for the benefit of the public." [CN 7]

**{4}** In its memorandum in opposition, Defendant argues that we have incorrectly proposed to conclude that *Lerma* applies retroactively to this case and submits a substantial analysis on why the presumption of retroactivity should be overcome such that *Lerma*'s predecessor, *Wills v. Board of Regents of University of New Mexico*, 2015-NMCA-105, ¶ 20, 357 P.3d 453, applies. [MIO 2-7] We are not persuaded because we conclude that, even if Defendants are correct that *Lerma* does not apply retroactively, the evidence presented was sufficient under *Wills*.

**{5}** In *Wills*, this Court distinguished "whistleblowing that benefits the public by exposing unlawful and improper actions by government employees from communications regarding personal personnel grievances that primarily benefit the individual employee," and this Court concluded that "[o]nly the former is protected by whistleblower protection laws." 2015-NMCA-105, ¶ 20. In this case, both of the communications at issue were focused on the impact of the superintendent's conduct on the staff and students of the school district. [1 RP 221-22, 2 RP 348] In his email correspondence to the board, Plaintiff Griego made numerous references to the school community as the impetus for his communication, including the following: "professional conversations with district personnel," "[c]oncern for our students, personnel, and for the

district's future," "the overall [e]ffect (anger and sadness) of many staff," "negative impact on our students," "the common message . . . from staff," "[c]oncerns expressed to me by staff," "I feel compelled to be the voice of many staff," and a request to "consider organizing opportunities for which district personnel can come forward without fear." [1 RP 221-222] Plaintiff Lopez similarly referenced "staff morale" and that "[d]ecisions made have to be made to suit an entire district" in her letter to the school board. [2 RP 348] Viewing this evidence in the light most favorable to Plaintiffs—in addition to that already referenced in our calendar notice—and resolving all conflicts and making all permissible inferences in favor of the jury's verdict, the evidence suffices to establish that the communications were not "personal personnel grievances that primarily benefit[ted] the individual employee." *Wills*, 2015-NMCA-105, ¶ 20.

**{6}** Additionally, Defendant continues to assert that there was insufficient evidence generally to support the jury verdict and asks this Court to reevaluate the communications by Plaintiffs, the conduct of the superintendent that formed the basis of Plaintiffs' concerns, and the conduct of Plaintiffs in reporting their concerns. [MIO 7-16] We again explain that "[w]e will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (internal quotation marks and citation omitted); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

**{7}** Moreover, the memorandum does not provide any new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{8}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's judgment.

**{9}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**